UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 96-cr-0452 (PLF) |
| ANTOYNE WHITE | ) ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

The matter before the Court is Antoyne White's pro se motion to appoint counsel. See Defendant's Motion to Appoint Counsel [Dkt. No. 80]. Mr. White seeks counsel to aid him in filing a motion for a sentence modification based on the ban on sentences of life without parole for juveniles. Id. at 1. In 1998, Mr. White pled guilty to five charges: (1) carrying a pistol without a license, in violation of 22 D.C. Code § 3204(a); (2) conspiracy to commit robbery, in violation of 22 D.C. Code § 105(a); (3) attempted robbery while armed, in violation of D.C. Code §§ 2092, 3202; (4) second degree murder while armed, in violation of 22 D.C. Code §§ 2403, 3202, and (5) unauthorized use of a motor vehicle, in violation of 22 D.C. Code § 3815. Judgment at 1 (Dec. 11, 1998) [Dkt. 41]. Mr. White committed these offenses on June 11, 1996, when he was 17 years old.

In 1998, Judge Harold Greene sentenced Mr. White to 40 years to life. Id. at 2. Mr. White appealed from his plea and his sentence, and the U.S. Court of Appeals for the District of Columbia Circuit vacated Mr. White's conviction for carrying a pistol without a license for lack of jurisdiction and remanded the case for resentencing. Memorandum Order at 1

2

(Nov. 22, 2010) [Dkt. 78].  On remand, the case was assigned to Judge Richard Roberts, who sentenced Mr. White to 18 1/3 years to life.  Id.  The government then filed a motion to correct the judgment, arguing that Judge Roberts had made a clerical error in resentencing.  Id. 1-2.  Judge Roberts amended Mr. White's judgment and sentenced him to 38 1/3 years to life.  Id. at 5.

The Criminal Justice Act allows the Court to appoint counsel if the Court "determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2).  In 2012, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"  Miller v. Alabama, 132 S. Ct. 2455, 2460 (2012).  Although Mr. White was 17 at the time of his offenses, he is currently serving a sentence of 38 1/3 years to life, not life without parole.  See Memorandum Order at 5.  The Court concludes that the interests of justice do not warrant the appointment counsel for Mr. White to file a motion that lacks merit.

Accordingly, it is hereby

ORDERED that defendant's motion to appoint counsel [80] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  January 30, 2017